IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| NORMAN BROWN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-04082-NKL |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case concerns the adequacy of Missouri's parole policies and practices for inmates who were sentenced to life without parole for crimes they committed when they were juveniles. On April 9, 2018, the Court gave the Plaintiffs leave to brief whether the inmates have a constitutional right to access their own parole-related information, including parole files. Doc. 109. Defendants have already produced the relevant information to Plaintiffs' counsel, but the "Highly Confidential" designation that Defendants have attached to the documents prevents counsel from sharing the material with the inmates themselves.

**I.     Background**

The Board of Probation and Parole maintains a parole file for all juvenile offenders eligible for parole, including Plaintiffs and the putative class members. The file contains the universe of records that the hearing panel and Board consider in making parole determinations. Doc. 122, at 2. However, inmates ordinarily do not know what information is contained in the file—except to the extent that members of the hearing panel discuss the information at the parole hearing in the inmate's presence. *Id.*, at 3.

The "parole-related information" that the Plaintiffs seek includes commitment and

diagnostic reports, original sentence and judgments records, Board Information Requests, pre-hearing reports, institutional records, face sheets, Transition Accountability Plans, available psychological reports (if any), Board Action Sheets, and letters in opposition or in support of release—including letters from victims and prosecutors. Doc. 123, at 2; Doc. 125, at 8.

During an April 13, 2018 teleconference, the Court ruled that information provided by prosecutors to the parole board should be shared with the relevant inmate. Doc. 115. In contrast, the Court declined to issue a blanket ruling permitting Plaintiffs' counsel to discuss victim statements with the offenders, noting that such statements are entitled to enhanced protection. *Id*. The court stated that if Plaintiffs' counsel felt that they could not adequately represent their clients because of the "Highly Confidential" designation of any particular victim statements, they could raise the issue with the Court on a case-by-case basis. *Id.* To date, Plaintiffs have not raised any such issues with the Court.

**II.     Discussion**

Plaintiffs argue that the Court has held that juvenile offenders in Missouri have a liberty interest in meaningful parole review. *See* Doc. 64, at 23. Therefore, Plaintiffs insist, they are entitled to procedural protections that include the right to be advised of adverse information in their parole files. They cite *Williams v. Missouri Bd. of Prob. & Parole*, 661 F.2d 697 (8th Cir. 1981), which stated in part, "minimum due process requires that an inmate in Missouri seeking parole be advised of adverse information in his file." *Id.*, at 700. However, the holding in *Williams* was peculiar to a statute that has since changed in relevant part. *See Maggard v. Wyrick*, 800 F.2d 195 (8th Cir. 1986) (noting that, in light of a change in statutory language that followed the *Williams* decision, the Eighth Circuit has since "concluded that the Missouri statute as amended does not create a protected liberty interest in parole" and finding, "[u]nder the[]

2

circumstances" there presented, that "it would be a futile gesture to permit inspection of the file"). *Williams* therefore does not apply.

Plaintiffs also cite several cases in which courts have required a parole board to explain in greater detail the basis for denial of parole. *See, e.g., Parker v. Corrothers*, 750 F.2d 653, 662 (8th Cir. 1984) ("[T]he Board may deny [the plaintiff] parole release because of the severity of her criminal act and sentence, but it must explain in more than boilerplate generalities why the severity of her particular offense and sentence requires deferral of parole."); *Olds v. Norman*, No. 4:09CV-1782 CAS/TCM, 2013 WL 316017, at *5 (E.D. Mo. Jan. 8, 2013), *report and recommendation adopted,* No. 4:09-CV-1782 CAS, 2013 WL 315974 (E.D. Mo. Jan. 28, 2013) ("A parole board may deny release to an inmate based on the severity of the inmate's criminal act and sentence, but, where a liberty interest is involved, the parole board must explain in more than boilerplate generalities why the severity of the particular offense and sentence requires a deferral of parole.") (citation omitted). But a parole board's explanation for its denial of parole is not the same as the contents of the parole file that the board reviewed, and this case law therefore is not relevant to this discovery dispute.

Plaintiffs nonetheless argue that denying the inmates access to their parole files deprives them of a sufficient explanation for the Board's decisions. However, in this case, Plaintiffs' counsel have access to the inmates' parole files. Plaintiffs do not suggest that counsel's access is as a practical matter insufficient, or that the inmates have been tangibly harmed in this litigation by their want of access to their own parole files.[1] *See Minn-Dak Farmers Co-op. v. N.L.R.B.*, 32 F.3d 390, 394 (8th Cir. 1994) (noting, in labor law context, that "theoretical objection" without

---

[1] Indeed, the Court invited Plaintiffs' counsel to advise the Court if they could not adequately represent their clients because of the "Highly Confidential" designation of any particular victim statements. Doc. 115. Plaintiffs have not done so.

3

evidence of practical effects was insufficient for due process purposes). The Court therefore cannot find that Defendants' "Highly Confidential" designation of portions of the parole file in this litigation constitutes a due process violation.[2] Accordingly, the Court will not alter its prior rulings on the discovery issues Plaintiffs have raised.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion for discovery is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 7, 2018
Jefferson City, Missouri

---

[2] The Court does not here decide the broader question, not presented in this motion, of whether inmates who were sentenced to life without possibility of parole for crimes they committed as juveniles have a due process right to view their own parole files in connection with their parole hearings.