IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NORMAN BROWN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:17-cv-04082-NKL |
| ANNE L. PRECYTHE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This case concerns the adequacy of Missouri's parole policies and practices for inmates who were sentenced to life without parole for crimes they committed when they were juveniles. The case is set for a bench trial.

Defendants have moved pursuant to Federal Rule of Civil Procedure 702 to strike Plaintiffs' designation of expert and the expert's report, arguing that the expert's opinion that Missouri's procedures do not comport with constitutional requirements is not admissible.

### I. ANALYSIS

Defendants do not challenge the qualifications of Plaintiffs' expert witness, attorney and law professor Heidi Rummel. Instead, Defendants argue that "the law professor's legal opinion that the Missouri procedures do not adequately comply with her view of United States Supreme Court precedent is not a proper subject for an expert opinion." Doc. 110, at 2. Defendants argue that Professor Rummel merely "read the evidence, the statutes, regulations, and cases[,] then made a legal conclusion by applying her view of the law to the evidence,"—a task appropriate for an amicus curiae or a judge, but not an expert witness. Doc. 117, at 2.

Plaintiffs argue that Professor Rummel's opinion "consists of significantly more than bare legal conclusions," as it addresses a mixed question of fact and law, "whether the parole process created in Senate Bill 590, as implemented through the procedures and customs of the Missouri Parole Board, provides a meaningful opportunity for release for juvenile offenders serving life without parole."  Doc. 116, at 4-5.  They argue further that, even though Professor Rummel's opinion "may touch on an ultimate issue in this case," her opinion need not be inadmissible, particularly in light of the fact that this case is slated for a bench trial.  *Id.* at 7.  Plaintiffs also argue that Professor Rummel's analysis will help the Court understand the developing law surrounding the parole process for those serving life-without-parole sentences for offenses committed while they were juveniles.

Pursuant to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), the Court's gatekeeping function "is meant to protect juries from being swayed by dubious scientific testimony."  *Id.* (quotation marks and citations omitted).  "When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate" because "the gatekeeper is keeping the gate only for himself."  *Id.* (quotation marks and citations omitted).  As such, in a bench trial, "the judge 'need not make determinations . . . before hearing the testimony."  *Casey v. Coventry Health Care of Kansas, Inc.*, No. 08-00201-DGK, 2010 WL 4226391, at *4 (W.D. Mo. Oct. 21, 2010) (quoting *United States v.. RSR Corp.*, No. C00–890JLR, 2005 WL 5977799, at *1 (W.D.Wash. Oct. 4, 2005)).

Having reviewed Professor Rummel's report, the Court finds that it will be in the best position to evaluate her testimony after it is fully presented at trial.  *See Hartmann v. United States*, No. 10-4014-CV-C-NKL, 2011 WL 1542102, at *13 (W.D. Mo. Apr. 22, 2011) ("[T]he Court's ability to gauge the relevance and reliability of an expert witness is best exercised after hearing the

expert's full testimony at trial.") (quotation marks and citation omitted); *see also Fierro v. Gomez,* 865 F.Supp. 1387, 1395 (N.D.Cal.1994), *vacated on other grounds by* 519 U.S. 918 (1996), *vacated on remand on other grounds by* 147 F.3d 1158 (9th Cir. 1998) ("[C]oncerns about the usefulness of various portions of the . . . testimony more appropriately can be addressed through determination of the weight to be accorded the testimony, rather than through the threshold determination of admissibility."). The court will give no weight to any portion of Professor Rummels testimony that does not meet *Daubert* standards. *See RSR Corp.*, 2005 WL 5977799, at *2 ("If, after hearing a witness's testimony, the court finds that it falls short of the *Daubert* standards, the court will give it no weight."); *Casey*, 2010 WL 4226391, at *5 ("[T]he Court finds that reliability would be best decided after hearing her testimony in full.").

## II. CONCLUSION

For the reasons discussed above, Defendants' motion to strike Plaintiffs' designation of Professor Rummel as an expert and Professor Rummel's report is denied without prejudice. The Court will resolve *Daubert* issues in the course of deciding the case.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 30, 2018
Jefferson City, Missouri