**Eric R. Greitens,** Governor

**Chairman**
Kenny Jones

**Board Members**
Jennifer Zamkus
Gary Dusenberg
Jim Wells
Martin Rucker
Ellis McSwain Jr.



**Anne L. Precythe,** Director

**Chief State Supervisor**
Julie Kempker

**Assistant Division Director**
Peg McClure

## State Of Missouri
### DEPARTMENT OF CORRECTIONS
### Board of Probation and Parole

3400 Knipp Drive ◎ Jefferson City, MO ◎ 65109
Phone 573-751-8488 ◎ Fax 573-751-8501

August 14, 2017

Mr. Spillane,

I'm writing in response to questions you posed asking why the Division of Probation and Parole keeps the majority of its records confidential and how the Board considers parole for juvenile offenders sentenced to life without parole.

Regarding the confidentiality of Division records, the Division of Probation and Parole serves two major functions. First, it determines when a parole eligible offender may be released with the reasonable probability that the offender will not be a detriment to the community or himself, and second, it supervises the conduct of probationers and parolees to ensure that their conduct is not in fact a detriment to the community or themselves.  Both of these tasks require Division employees to share complete information regarding offenders and candid opinions about those offenders' conduct and chances for success under supervision.

Releasing offenders' parole files to them will significantly hinder the Division's ability to supervise offenders and to make the best paroling decisions possible.  It will hinder the Division's ability to supervise by encouraging supervising officers to be less candid.  Officers will be less likely to be completely honest in reporting their impressions regarding an offender when they know that the offender will be able to see those comments.  Again, complete candor is necessary for the Parole Board to be able to make good paroling and revoking decisions. Officers must also feel free to be candid in their reports because sometimes, through turnover or some other change in an offender's circumstances, an offender's supervising officer will change.  A new officer needs the accurate information regarding an offender to be able to provide the best supervision for that offender.  Allowing offenders to obtain a copy of their supervising officers' thoughts and impressions may also encourage offenders to attempt to influence who supervises then and how.  In certain circumstances, it may even encourage retaliation against Division staff if their comments happen to be unfavorable.

Parole files may also contain victim information and accounts of an offender's crimes.  This information is imperative to the Board's paroling decisions, but should be shielded from the offender because again, in order to make the best paroling decisions possible the Board should have complete and accurate information that is not swayed by the offender's ability to review it.  Any information provided by vicitms may likewise lead to retaliation against them.

Regarding the Board's consideration of parole for juvenile offenders sentenced to life without parole, the Board has created a worksheet to use for each juvenile life without offender.  This worksheet outlines the additional factors the General Assembly directed the Board consider when making paroling decision on these offenders. Institutional parole officers conduct additional investigation into each case to answer each question as best as possible, and the Board subsequently considers this in making their determinations.

Respectfully submitted,

*Kenny Jones*

Kenny Jones
Chairman