# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| TONY JONES, | ) |
|       Petitioner, | ) |
| v. | ) No. 16-3373 |
| MICHAEL BOWERSOX, | ) |
|       Respondent. | ) |

### Suggestions in Opposition to Application to File a Successive Habeas Petition

## Summary

Jones alleges that this Court should allow him to file a second or successive habeas petition based on the decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Those cases deal with an offender serving a mandatory life without parole sentence for murder.

But the Missouri Legislature passed, and the Governor signed, a law making Jones eligible for parole on his murder sentence after serving twenty-five years. Therefore, the rule of *Miller* and *Montgomery*, which deals with life without parole sentences, cannot support filing a second or successive habeas petition to challenge Jones'

judgment of conviction and sentence for first-degree murder. If Jones is complaining about life without parole, his complaint is moot and this Court has no Article III jurisdiction. If he is complaining about being parole ineligible for twenty-five years, he does not fall within the retroactive rule of *Miller*, and his claim fails under 28 U.S.C. §2244(b)(2).

## Standard of Review

Under 28 U.S.C. §2244, a prisoner may file a second federal habeas petition only in extremely limited circumstances. A prisoner cannot file a second federal habeas petition raising a claim he already raised in his previous habeas petition. 28 U.S.C. §2244(b)(1). And a prisoner can raise a new claim only if he shows either (1) the claim relies on a new rule of constitutional law that the Supreme Court has declared applies retroactively to cases on collateral review, or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing

2

2 of 10

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 2 of 10
Appellate Case: 16-3373   Page: 2   Date Filed: 08/29/2016 Entry ID: 4442558

evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." *Id.* §2244(b)(2).

## Reason for Denying the Application

### I. Jones is eligible for parole on his murder sentence after serving twenty-five years.

Jones filed an earlier petition attacking the same judgment of conviction and sentence that was denied on the merits, and did not raise his current claim (Petitioner's Exhibit 3). Jones alleges that he may file a second or successive petition for habeas corpus relief based on a new rule of constitutional law declared in *Miller v. Alabama* and made retroactive to cases on collateral review in *Montgomery v. Louisiana*.

The Missouri Legislature has passed, and the Missouri Governor has signed, Senate Bill 590 (Petitioner's Exhibit 7). The relevant portion of the Bill, §558.047, became effective when the Governor signed it (Petitioner's Exhibit 7 at 11). Section 558.047.1 (1) states the following in dealing with Jones and similarly situated offenders. "Any person sentenced to a term of imprisonment of life without eligibility for parole

3

3 of 10

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 3 of 10
Appellate Case: 16-3373   Page: 3   Date Filed: 08/29/2016 Entry ID: 4442558

before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board an application for review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole."

Jones is under sentence for his first-degree murder offense (Respondent's Exhibit 1). He has two consecutive life sentences for armed criminal action offenses, and a consecutive twenty-five-year sentence for first-degree robbery (Resp. Exhibit 1). Because of the date of the offense, the first-degree robbery sentence has no statutory mandatory-minimum prison term. And the regulatory ineligibility period for the two armed criminal action sentences is greater than the statutory ineligibility period. Therefore, those additional sentences have no impact on Jones' aggregate parole eligibility date. *See* 14 CSR 80-2.010(1)(E). That ineligibility period is twenty-five years.

The Missouri Legislature has the power to retroactively create parole eligibility where none existed before. *See State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. 2004) (upholding statute allowing

4

nonviolent C and D felons with no prior prison commitments, to petition after 120 days incarceration to serve the remainder of their sentences on probation or parole). In upholding that law, the Missouri Supreme Court held that parole does not change an offender's sentence, but rather the location and conditions of its service. *Id.* at 870-71. The same principle applies here. As in *Russell*, the Legislature acted within its power and did not change Jones' sentence of life, by making it possible for him to be paroled from that sentence. A federal court may not disagree with the Missouri Supreme Court's interpretation and application of Missouri law, that the Legislature has the power to create parole eligibility. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1995) (federal court may not disagree with a Missouri court on the interpretation or application of Missouri law).

Citing to Senate Bill 590, the Missouri Supreme Court issued an order on July 19, 2016, vacating its earlier order granting habeas relief, overruling Jones' motion for rehearing as moot, and denying Jones' petition for habeas corpus, which was based on *Miller v. Alabama*. Jones no longer has litigation pending in the Missouri courts, and he is

5

parole eligible on his life sentence after serving twenty-five years based on Missouri statutory law.

### II. Insofar as Jones bases his application on the rule of *Miller v. Alabama* his application is moot, and this Court has no Article III jurisdiction to grant it.

The rule of *Miller*, made retroactive by *Montgomery*, is that it is cruel and unusual punishment to impose a life without parole sentence on juvenile offenders in a mandatory manner, without the jury being able to give the offender individual consideration. But Jones is eligible for parole on his murder sentence after serving twenty-five years.

For this Court to have jurisdiction, the alleged constitutional injury must exist through all stages of the case, trial and appellate; and when it disappears, so does Article III jurisdiction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Jones' injury of serving life without the possibility of parole is gone. He now is parole eligible on his first-degree murder sentence after serving twenty-five years. Insofar as that is what he is complaining about, his application is moot. *See Montgomery*, 136 S.Ct. at 736 (citing a Wyoming statute making juvenile murderers parole eligible after serving twenty-five years as a proper remedy for a

6

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 6 of 10
Appellate Case: 16-3373     Page: 6     Date Filed: 08/29/2016 Entry ID: 4442558

6 of 10

*Miller* violation). But insofar as he is now complaining about anything else, Jones is not really relying on the new rule of *Miller*, and he cannot make his complaint in a second or successive habeas petition.

### III. Insofar as Jones is complaining about his current parole ineligibility for twenty-five years, he is not relying on the rule of *Miller* and his petition fails under 28 U.S.C. §2244(b)(2).

Leave may be granted to file a second or successive petition if the claim relies on a new rule of Constitutional law made applicable by the United States Supreme Court to cases on collateral review. 28 U.S.C. §2244(b)(2). But that is not the case here. The new rule of *Miller* is about life without parole, not parole ineligibility for twenty-five years. *See Miller*, 132 S.Ct. at 2469. Insofar as Jones' application goes beyond the rule of *Miller*, and it must go beyond that rule to avoid mootness, this Court must deny the application based on 28 U.S.C. §2244(b).

## Conclusion

Respondent respectfully asks this Court to deny the application for permission to file a successive petition for a writ of habeas corpus.

7

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 7 of 10
Appellate Case: 16-3373    Page: 7    Date Filed: 08/29/2016 Entry ID: 4442558

7 of 10

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

\s\ Michael J. Spillane
Michael J. Spillane
Assistant Attorney General
Missouri Bar No. 40704
P. O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-3825 Fax
Mike.Spillane@ago.mo.gov
Attorneys for Respondent

## Certificate of Service

I certify I filed a true and correct copy of the foregoing using the CM/ECF system on August 29, 2016. This Court's electronic filing system should serve the pleading on counsel for Tony Jones.

\s\ Michael J. Spillane
Assistant Attorney General

8

```
DOC No: 509480     Cycle: 19940907   DOC Name: JONES, TONY D
                                    LEGAL Name:
```

COMMENTS

```
11-22-1994: Corr Emer Address.JCCC
10-05-2000: Corrected to show parole ineligible years on seq 2 & 4
            under 93CR0034841.CRCC
06-06-2002: Updated medical contact information.CRCC
08-05-2004: Updated medical contact.CRCC
04-24-2006: Updated medical contact.CRCC
04-02-2012: Received birth certificate; verified date of birth - SCCC/tdr
08-02-2012: Changed religious preference to Judaism - SCCC/dks
11-27-2012: Changed religious preference to Christian General - SCCC/nsr
```

9 of 10

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 9 of 10
Appellate Case: 16-3373   Page: 1   Date Filed: 08/29/2016 Entry ID: 4442558

```
DOC No: 509480     Cycle: 19940907  DOC Name: JONES, TONY D
                                    LEGAL Name:
```

PRESENT CONVICTIONS

```
Seq: 1    CC/CS:       Rel Seq: 0    S&J Name: JONES, TONY D
Cause No: 93CR-003484(1)       MO. Code: 10021990  NCIC: 0999           Type/Class: F A
OCN:          Special Ind:                      Circuit/Div:  21/2    Amd Class:
TC: MURDER 1ST DEG (LIFE W/O PROB OR PAROLE)
Offense Date/County: 05/15/1993
Sentence Date/County/Length: 09/02/1994  ST. LOUIS COUNTY              Life
Received Date: 09/07/1994  Return Date/Desc:
Credit Time: 449     Non-Credit Time-Inst: 0       Parole: 0       Probation: 0
Calculation Start: 06/15/1993  Death Sentence: N   Prior to Laws: **  Percent Required: 0%
Sen Rel Date/Type: 99/99/9999  Life                          Max Rel Date: 99/99/9999
Sentence Status:   Active                                    Parole Inel Yrs: 999

Seq: 2    CC/CS: CS  Rel Seq: 1    S&J Name: JONES, TONY D
Cause No: 93CR-003484(1)       MO. Code: 31010990  NCIC: 5299           Type/Class: F
OCN:          Special Ind:                      Circuit/Div:  21/2    Amd Class:
TC: ARMED CRIMINAL ACTION
Offense Date/County: 05/15/1993
Sentence Date/County/Length: 09/02/1994  ST. LOUIS COUNTY              Life
Received Date: 09/07/1994  Return Date/Desc:
Credit Time: 0       Non-Credit Time-Inst: 0       Parole: 0       Probation: 0
Calculation Start: 99/99/9999  Death Sentence: N   Prior to Laws: **  Percent Required: 0%
Sen Rel Date/Type: 99/99/9999  Life                          Max Rel Date: 99/99/9999
Sentence Status:   Future                                    Parole Inel Yrs: 3

Seq: 3    CC/CS: CS  Rel Seq: 2    S&J Name: JONES, TONY D
Cause No: 93CR-003484(1)       MO. Code: 12010990  NCIC: 1299           Type/Class: F A
OCN:          Special Ind:                      Circuit/Div:  21/2    Amd Class:
TC: ROBBERY FIRST DEGREE
Offense Date/County: 05/15/1993
Sentence Date/County/Length: 09/02/1994  ST. LOUIS COUNTY              25 yr
Received Date: 09/07/1994  Return Date/Desc:
Credit Time: 0       Non-Credit Time-Inst: 0       Parole: 0       Probation: 0
Calculation Start: 99/99/9999  Death Sentence: N   Prior to Laws: **  Percent Required: 0%
Sen Rel Date/Type: 99/99/9999  Conditional Release           Max Rel Date: 99/99/9999
Sentence Status:   Future                                    Parole Inel Yrs:

Seq: 4    CC/CS: CS  Rel Seq: 3    S&J Name: JONES, TONY D
Cause No: 93CR-003484(1)       MO. Code: 31010990  NCIC: 5299           Type/Class: F
OCN:          Special Ind:                      Circuit/Div:  21/2    Amd Class:
TC: ARMED CRIMINAL ACTION
Offense Date/County: 05/15/1993
Sentence Date/County/Length: 09/02/1994  ST. LOUIS COUNTY              15 yr
Received Date: 09/07/1994  Return Date/Desc:
Credit Time: 0       Non-Credit Time-Inst: 0       Parole: 0       Probation: 0
Calculation Start: 99/99/9999  Death Sentence: N   Prior to Laws: **  Percent Required: 0%
Sen Rel Date/Type: 99/99/9999  Conditional Release           Max Rel Date: 99/99/9999
Sentence Status:   Future                                    Parole Inel Yrs: 3
```

10 of 10

Case 2:17-cv-04082-NKL   Document 144-2   Filed 06/29/18   Page 10 of 10
Appellate Case: 16-3373   Page: 2   Date Filed: 08/29/2016 Entry ID: 4442558