# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NORMAN BROWN et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:17-CV-4082-NKL |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAN FOR COMPLIANCE WITH APPLICABLE STATUTORY AND REGULATORY REQUIREMENTS

The Missouri Board of Probation and Parole will take the following steps in evaluating offenders who were originally sentenced to a mandatory term of life imprisonment without the possibility of parole for murders the offenders committed before reaching age eighteen.

1) The offender will initiate the parole process by petitioning the Board.

2) The Institutional Parole Officer will conduct an initial review to determine that the offender is eligible for parole consideration.

3) The Institutional Parole Officer will interview offenders who are eligible for parole consideration.

   a. The Institutional Parole Officer will use the "Notice of Rights Form" that is included in this pleading to assist in the interview process. The offender will keep a copy of the "Notice of Rights Form".

b. The Institutional Parole Officer will ask the offender to submit as much evidence as possible that that is relevant to the factors listed in the Missouri statutes dealing with parole consideration for offenders formerly sentenced to a mandatory term of life without parole for murders the offender committed while under age eighteen. The Institutional Parole Officer will collect all documentation the offender provides and collate it with the statutory factors. The Institutional Parole Officer will provide the collated documents to the parole panel. The collated documents will be forwarded to the full Board.

4) The Institutional Parole Offer will contact the Juvenile Officer of the jurisdiction where the case originated and request any documents concerning the offender. The Institutional Parole Officer will also write a letter to the Juvenile Judge of the jurisdiction where the case originated, formally requesting any juvenile records on the offender maintained by the court or the Juvenile Officer. A form for the letter to the judge is included in this pleading. The Institutional Parole Officer will provide copies of the documents received from the Juvenile Court or Juvenile Officer to the offender, the hearing panel, and the Parole Board.

5) The Institutional Parole Officer will schedule a parole hearing in front of a panel consisting of one Board member and two other persons designated by the Board. The offender may have two delegates present

who may present evidence and make a closing argument. The delegates may argue against any evidence they believe the Board should not rely on.

6) The panel will vote and submit a recommendation to the Board. The Board will review the material presented. The Board will vote on the presence or absence of each of the fifteen statutory factors, as well as on an ultimate decision. The Board will also use the Ohio Risk Assessment System, a validated assessment tool, in considering the case. A copy of the risk assessment results will be provided to the offender. An addendum to the Board Action Sheet providing for each member to vote on the statutory factors is provided as part of this pleading. The final decision will be made by a majority Board. That means the Board members will consider the case in sequence. Once a majority of the Board have agreed on a decision one way or the other, consideration of the case will end. So, every Board member will not necessarily consider and vote on every case.

7) The final decision will be delivered to the offender in the form of a Board Action Sheet that will include a list of the statutory factors found by a majority of the Board.

The form letter that will be sent to the Juvenile Court Judge is included below.

**Michael L. Parson**
Governor

**Anne L. Precythe**
Director

2729 Plaza Drive

P. O. Box 236

Jefferson City, MO  65102

Telephone:  573-751-2389

Fax:  573-526-0880



# State of Missouri
## DEPARTMENT OF CORRECTIONS

*Improving Lives for Safer Communities"*

(Insert Date)

The Honorable (Insert name of the Judge of the Juvenile Division)

(Insert address of county courthouse)

Re:    (Insert offender name, DOB)

Dear Judge (Insert Judge's last name):

I'm writing in regards to the above named offender who is in the Custody of the Missouri Department of Corrections (DOC). Said offender has petitioned the parole

4

Board (Board) for a hearing to determine the offender's parole eligibility pursuant to Section 558.047 RSMo (2016). The Board is required to consider several statutory factors when considering the offender's parole eligibility. Many of the factors relate to the offender's behavior as a juvenile. As an Institutional Parole Officer one of my responsibilities is to collect records and evidence for the Board to consider. As such, please accept this letter as a formal request for any juvenile records maintained by the Juvenile Officer or court for the above named offender. I am requesting records maintained under both Sections 211.319 and 211.321 RSMo. The Board has a legitimate interest in these records because of the parole eligibility determination the Board must make pursuant to Section 558.047 RSMo. I ask that you issue an order that the requested records be mailed to:

    (Name of IPO)

    (Address of facility)

                                      Respectfully,

                                      (Name of IPO)

                                      Institutional Parole Officer

5

Case 2:17-cv-04082-NKL   Document 165   Filed 12/11/18   Page 5 of 16

Defendants include below the "Notice of Rights During Parole Eligibility Hearing" that will be provided to offenders.

**NOTICE OF RIGHTS DURING PAROLE ELIGIBILITY HEARING**

**(RSMo 558.047)**

You have petitioned the Parole Board (Board) under Section 558.047 RSMo, for a hearing to determine whether you are parole eligible. An Institutional Parole Officer (IPO) has reviewed your file and determined that you were under the age of 18 at the time of your offense, you were sentenced to life without parole, and you have served at least 25 years of your sentence. The IPO has also verified that you served a copy of your petition, with necessary information, on the office of the prosecuting attorney in the judicial circuit of original jurisdiction.

The purpose of this interview is to gather information relevant to the Board's determination of your eligibility for parole. The Board will consider the following factors as part of its determination:

(1) The nature and circumstances of the offense committed by the defendant;

(2) The degree of the defendant's culpability in light of his or her age and role in the offense;

(3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense;

(4) The defendant's background, including his or her family, home, and community environment;

(5) The likelihood for rehabilitation of the defendant;

(6) The extent of the defendant's participation in the offense;

(7) The effect of familial pressure or peer pressure on the defendant's actions;

(8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions;

(9) The effect of characteristics attributable to the defendant's youth on the defendant's judgment; and

(10) A statement by the victim or the victim's family member as provided by section 557.041 until December 31, 2016, and beginning January 1, 2017, section 595.229.

(11) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available;

(12) The subsequent growth and increased maturity of the person since the offense or offenses occurred;

(13) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence;

(14) The person's institutional record during incarceration; and

(15) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

    Please review this list and submit any and all documentation or other evidence relevant to any factor listed above within 30 calendar days of today's date. Please provide the number for the paragraph to which the evidence corresponds on the top left corner of the document or other evidence. I will be requesting all records maintained by the juvenile office from the originating jurisdiction and will provide you with copies of any documents received.

    You will soon be scheduled for a hearing in front of a panel. The panel will review any documents or exhibits you provide, and will consider them along with any evidence you present at the hearing. The panel will also consider any statement from the victim of the crime as well as the prosecuting attorney if either desire to provide a statement to the Board. The panel will also consider any documents provided by the juvenile office from the originating jurisdiction.

A validated risk assessment will be conducted based on your current conditions and a copy of the results thereof will be provided to you. The Board will also consider the risk assessment when making its decision.

You will be allowed two delegates to assist you at the hearing in front of the panel. We ask that your delegates be prepared to present evidence on your behalf, provide statements relevant to the factors listed above, or your plan after release, and to answer any questions the Board may pose. You may bring an attorney as one of your delegates. To the extent you have an expert, or any other witness, the Board will accept a written report or statement from the witness in lieu of live testimony. Alternatively, you may call an expert witness or any other witness as one of your delegates. Any reports or statements must be marked as exhibits and presented to the panel at the time of the hearing. Although your attorney will not be allowed to cross examine witnesses, we invite your attorney to make a closing argument wherein they are encouraged to emphasize the evidence the Board should rely on or argue against evidence they deem irrelevant or unhelpful to the Board's decision.

At the conclusion of your hearing in front of the panel, the panel will make a recommendation to the Board. Each Board member will review your file and will vote on the presence or absence of each factor based on all of the evidence and the risk assessment. The Board will also vote on your eligibility for parole based on the aforementioned. A majority vote of the Board will determine the outcome.

If by majority vote, the Board determines you are ineligible for parole, an IPO will provide you with a Board Action Sheet that lists those factors the majority Board found present. If the majority Board did not find a factor present, you are encouraged to gather evidence to support that factor and or complete additional rehabilitation and submit another petition for review after 3 to 5 years from the date listed on the Board Action Sheet.

Below is the addendum to the Board Action Sheet that will be used in evaluating statutory factors for offenders formerly sentenced to a mandatory term of life without parole for offenses committed while under age eighteen.

**Statutory Factors (RSMo 558.047) – Addendum to Board Action Sheet**

Offender Name_____ DOC #_____Hearing Date: _____

1. The nature and seriousness of the offense militate against parole release at this time.

Final Decision

Yes   No

____  ____

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

2. The offender was highly culpable in light of his or her age and role in the offense.

Final Decision

Yes   No

____  ____

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

3. The offender's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense militate against parole release.

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |

Final Decision

| | | | |
|---|---|---|---|
| Board Member 7 | | | |

Yes   No

____  ____

4. The offender's background, including his or her family, home, and community environment militate against parole release.

Final Decision

Yes   No

____  ____

| | Yes | No | Initials |
|---|---|---|---|
| Panel Vote | | | |
| Board Member 1 | | | |
| Board Member 2 | | | |
| Board Member 3 | | | |
| Board Member 4 | | | |
| Board Member 5 | | | |
| Board Member 6 | | | |
| Board Member 7 | | | |

5. The offender is not likely to be rehabilitated.

Final Decision

Yes   No

____  ____

| | Yes | No | Initials |
|---|---|---|---|
| Panel Vote | | | |
| Board Member 1 | | | |
| Board Member 2 | | | |
| Board Member 3 | | | |
| Board Member 4 | | | |
| Board Member 5 | | | |
| Board Member 6 | | | |
| Board Member 7 | | | |

6. The offender was an active participant in the offense.

| | Yes | No | Initials |
|---|---|---|---|

Final Decision

Yes   No

____  ____

| Panel Vote | | | |
|---|---|---|---|
| Board Member 1 | | | |
| Board Member 2 | | | |
| Board Member 3 | | | |
| Board Member 4 | | | |
| Board Member 5 | | | |
| Board Member 6 | | | |
| Board Member 7 | | | |

7. There was not familial pressure or peer pressure on the offender's actions.

Final Decision

Yes   No

____  ____

| | Yes | No | Initials |
|---|---|---|---|
| Panel Vote | | | |
| Board Member 1 | | | |
| Board Member 2 | | | |
| Board Member 3 | | | |
| Board Member 4 | | | |
| Board Member 5 | | | |
| Board Member 6 | | | |
| Board Member 7 | | | |

8. The nature and extent of the offender's criminal history, including whether the offender has another conviction for murder in the first degree or other serious assaultive behavior militates against parole release.

Final Decision

Yes   No

____  ____

| | Yes | No | Initials |
|---|---|---|---|
| Panel Vote | | | |
| Board Member 1 | | | |
| Board Member 2 | | | |
| Board Member 3 | | | |
| Board Member 4 | | | |
| Board Member 5 | | | |
| Board Member 6 | | | |
| Board Member 7 | | | |

11

9. The characteristics attributable to the offender's youth did not have an appreciable effect on the offender's judgment.

Final Decision

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

Yes   No

____  ____

10. Statements provided by the victim or victim's militate against parole release.

Final Decision

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

Yes   No

____  ____

12

11. The offender has not made sufficient efforts toward rehabilitation since the offense occurred to include participation in educational, vocational, or other programs during incarceration and when available.

Final Decision

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

Yes   No

____  ____

12. The offender has not demonstrated subsequent growth and increased maturity since the offense occurred.

Final Decision

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

Yes   No

____  ____

13. There is not sufficient evidence that the offender has accepted accountability for the offense or offenses. (This factor is not to be considered if the offender has maintained his or her innocence)

Final Decision

Yes   No

____  ____

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

14. The offender's institutional record militates against parole release.

Final Decision

Yes   No

____  ____

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |
| Board Member 7 |  |  |  |

15. The offender remains the same risk to society as he or she did at the time of the initial sentencing.

|  | Yes | No | Initials |
|---|---|---|---|
| Panel Vote |  |  |  |
| Board Member 1 |  |  |  |
| Board Member 2 |  |  |  |
| Board Member 3 |  |  |  |
| Board Member 4 |  |  |  |
| Board Member 5 |  |  |  |
| Board Member 6 |  |  |  |

| Board Member 7 | | | |
|---|---|---|---|

Final Decision

Yes   No

____  ____


      Defendants believe that the procedures listed above comply with the constitutional and statutory requirements for parole procedures for offenders who were formerly sentenced to mandatory terms of life without parole for murders committed before age eighteen. Defendants agree with the Court that "it is for the State in the first instance to explore the means and mechanism of compliance." Document 158 at 27. It is proper for the State to design a remedy, and if this Court finds the remedy constitutionally adequate, that should end the matter. This Court should not make modifications the Court or Plaintiffs feel would be better procedures if the State has proposed procedures that are constitutionally adequate. *See Bounds v. Smith*, 430 U.S. 817, 818–33 (1977); *Lewis v. Casey*, 518 U.S. 343, 362–63 (1996).

Respectfully submitted,
**JOSHUA D. HAWLEY**
Attorney General

*/s/ Michael Spillane*
MICHAEL SPILLANE
Assistant Attorney General
Missouri Bar #40704

Andrew Crane
Assistant Attorney General
Missouri Bar #68017

P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 (Fax)
mike.spillane@ago.mo.gov
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system on this 11th day of December, 2018. A copy of the foregoing document will be served upon counsel of record through the CM/ECF system.

*/s/ Michael Spillane*
MICHAEL SPILLANE